# CHARLES W. RAYMOND *et al.*

## *v.*

## PETER KERKER.

1. EVIDENCE—*under a plea of set-off.* Where the defendant in a distress warrant files a plea of set-off, and an issue is made thereon, the indebtedness claimed by the plaintiff is admitted by the pleading, and it is not proper to permit the defendant, upon such an issue, to prove or attempt to prove that the plaintiff had, before the expiration of the term for which the rent is claimed, sold and conveyed the leased premises to a third person.

2. SET-OFF—*judgment on plea of, if not sustained by proof.* Where a plea of set-off is the only plea interposed by a defendant, if there is no evidence to sustain the plea, the judgment must be for the plaintiff's demand.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. HUGHES & McCART, for the appellants.

Messrs. WILLIAMS, BURR & CAPEN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

Appellants had leased to appellee a farm for one year, the rent of which, at the close of the term, amounted to six hundred and forty dollars. Appellee being in default, a distress warrant was issued for the amount due, which was duly levied by the sheriff, and returned and filed. Whereupon a summons issued out of the circuit court, which was served on appellee.

By the statute, R. S. 1874, § 20, p. 660, the distress warrant, returned and filed, stands in place of a declaration. To this, appellee, the defendant, pleaded a set-off of five thousand dollars for goods, wares and merchandise, offering to set-off the same against the rent due the plaintiffs. An issue was made up on this plea, and, by consent, a jury was waived and a trial had by the court, resulting in a finding and judgment for the defendant.

By the contract of leasing, the rent was payable, part on 1st of December and the balance at the close of the term, the ensuing March. In September, during the term, appellants sold and conveyed the farm to one Toole. In the deed the rent was not reserved; and it was agreed Toole was not to take possession until appellee's time was out. Toole made no claim for rent of appellee, nor had appellee paid him any; nothing was ever said about it.

The question is, what, under the plea of set-off, with these facts proved, should have been the finding and judgment of the court?

The doctrine is, the plea of set-off is an acknowledgment of the justice of the plaintiff's demand, and failing in the proof, the judgment must be for the plaintiff's demand. 3 Bl. Com. 304, (Cooley's Ed). The defendant offered no proof in support

of his plea, but under it he was permitted, against the objections of plaintiffs, to show, that during the existence of the term plaintiffs had sold the farm. This was clearly inadmissible. It did not go to the issue pending. What matters it, so far as the defendant was concerned. this sale to Toole? Toole might claim these rents, possibly, but his rights were not involved in this action. There was no denial by defendant that he did not owe plaintiffs the rent, but pleads, in avoidance, a larger sum of money due him from the plaintiffs; which. having failed to establish, the court could have properly found no other verdict than a verdict for the plaintiffs for the amount claimed, leaving it for their grantee and plaintiffs thereafter to contest the right to the rent. So far as defendant was concerned, he was estopped from denying the plaintiffs' right to recover. Had he attorned to the purchaser and paid him the rent, a different question would be presented. As it is now made on the pleadings, the plaintiffs must recover.

The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*