[No. 7,872.—Department Two.]

## WILHELMINA RUMPP v. JACOB F. GERKENS ET AL.

MERGER—MORTGAGE—EQUITY.—A mortgagee, without knowledge of a prior mortgage on the land, and without intending to release his lien, took a conveyance from the mortgagors in satisfaction of the mortgage.

. *Held:* The conveyance did not extinguish the older mortgage, so that he could not use it as a protection of his rights against the junior mortgage.

ID.—ID.—ID.—In law a merger always takes place where a greater estate and a less coincide and meet in the same person in one and the same right, without any intermediate estate; but a Court of equity is not guided in this matter by the rules of law, and will sometimes hold a charge extinguished where it would continue to exist at law, and sometimes preserve it when at law it would be merged—according to the intention, actual or presumed, of the person in whom the interests are united.

APPEAL by the plaintiff from a judgment for defendant M. Leonis, and from an order denying a new trial, in the Superior Court of the County of Los Angeles. HOWARD, J.

Action for the foreclosure of a mortgage made to the plaintiff by Jacob F. Gerkens and wife, of date July 18, 1876. The complaint alleges that the defendant, Miguel Leonis, has, or claims to have, some interest in or claim upon said premises as purchasers, etc., which interest or claim is subsequent and subject to the lien of plaintiff's mortgage. The answer of the defendant Leonis alleges the execution to him of a mortgage upon the same premises, on the first day of July, 1875, by Gerkens and wife; the commencement of a suit for foreclosure by the said defendant on the twenty-eighth day of May, 1878, against the defendants Gerkens and wife, to which Rumpp was not made a party (the said defendant having no knowledge of Rumpp's mortgage); the rendition of the decree of foreclosure; a sale under the decree, and the execution of a Sheriff's deed to said defendant. A cross-complaint was also filed by the defendant Leonis, which, after setting up the same matters as in the answer, alleges that at the time of said foreclosure proceedings, he had no information or knowledge of Rumpp's mortgage. The answer to the cross-complaint, besides denying the material allegations thereof, alleges that on the nineteenth day of December, 1878 (which was after the decree of foreclosure and before the sale), Gerkens and wife, in consideration of the sum of $3,973.25, and for other good and valuable considerations, viz., $100 in gold coin, and the promise of Leonis to cancel, and cause to be canceled of record and forever satisfied, all and every obligation running to the said Leonis from the said Gerkins and wife, agreed to convey, and did convey to said Leonis, the mortgaged premises.

The findings, besides finding the allegations of the defendant Leonis' answer and cross-complaint to be true, proceeds as follows:

That upon the nineteenth day of December, 1878, Jacob F. Gerkens and Isidora C. de Gerkens, his wife, conveyed to M. Leonis, defendant, by a sufficient deed of bargain and sale, all

their right, title, and interest in and to the mortgaged and described premises for and in consideration of the indebtedness ascertained by the said decree of December 7, 1878, against them and in favor of said Leonis, to them then and there released, to wit, the sum of $3,873.35, and the further consideration of one hundred dollars to them then and there paid by the said Miguel Leonis, and the further consideration of the agreement of the said Miguel Leonis then and there to them rendered to release them as well of record as in fact from every claim whatsoever existing against them or either of ' them in his favor; that the said conveyance to said Leonis of December 19, 1878, was executed upon the faith of the whole and every part of the said considerations, and not otherwise; that the said Leonis had no actual knowledge of the said Rumpp mortgage, nor of the record of the same.

That at no time pending the said negotiations between the said Gerkens and wife and the said Leonis, nor at any time prior to the date of the said conveyance of December 19, 1878, or the execution thereof, was any reference ever had or made by either party in the presence of the other, nor by any person in the presence of either or both parties, or any reference whatsoever had or made to the mortgage executed by the said Gerkens and wife to the said John Rumpp, nor was the name of John Rumpp nor of the plaintiff referred to or mentioned in any manner whatsoever, nor was any reference had or made to any prior lien upon the property described. There was an agreement ·by Leonis to discharge his judgment of record against Gerkens and others, but no agreement to discharge or waive his prior mortgage lien; in fact there was no agreement at all about it.

The decree entered was as follows:

" This cause having been regularly tried by the Court, and it appearing to the Court that there is now due from defendant Jacob F. Gerkens to the plaintiff the sum of one thousand and thirty-nine dollars and thirty-two cents in gold coin of the United States; that said sum is secured by mortgage of real property, to wit (describing it); that the defendant Miguel Leonis is now the holder of the legal title of said property, subject to the right of plaintiff to redeem from said Leonis the said property by the payment to him of the sum

of two thousand eight hundred dollars, in gold coin of the United States; therefore,

"It is hereby ordered and adjudged that plaintiff do have and recover of and from defendant Jacob F. Gerkens the sum of one thousand and thirty-nine dollars and thirty-two cents, in gold coin of the United States, and attorney's fees, etc., making in the aggregate the sum of one thousand one hundred and eighty-five dollars and ninety-two cents; that said sum bear interest at the rate of seven per cent. per annum until paid. It is further ordered,

"That if within sixty days from and after entering of this judgment in this Court, the plaintiff do pay to defendant Miguel Leonis, or to his heirs, executors, administrators, or assigns, the sum of two thousand eight hundred dollars, in United States gold coin, then upon such payment the said Miguel Leonis, or his representatives or assigns, shall duly execute, acknowledge, and deliver to plaintiff, or his representatives or assigns, a deed of conveyance, good and sufficient to convey to plaintiff such title to such property as he, the said Leonis, acquired of and through said Jacob F. Gerkens and Isidora C. de Gerkens."

*P. W. Dooner*, for Appellant.

The judgment ought to have gone for the plaintiff on the findings in accordance with the prayer of her complaint, because: The debt was paid by the conveyance of December 19, 1878; hence the land became disincumbered and no redemption was possible. (*Millard* v. *Hathaway*, 27 Cal. 146; *Montgomery* v. *Spect*, 55 id. 352; *Eldredge* v. *Wright*, id. 531.) The conveyance of December 19, 1878, vested in Leonis an unqualified estate in fee simple, and left no title remaining in the grantors. (*Green* v. *Butler*, 26 Cal. 602; C. C., § 2910; C. C. P., § 1963, subds. 19, 39.) The sale under the decree of December 7, 1878, after the same was satisfied, was void. (*French* v. *Edwards*, U. S. C. Ct., 2 P. C. L. J. 149; C. C., §§ 2910, 2941, 3529.) The mortgage lien of Leonis was merged in the decree of December 7, 1878, which latter is in law only the ascertainment of the debt due. (*McMillan* v. *Richards*, 9 Cal. 365; *Mascarel* v. *Raffour*, 51 id. 242; *Davenport* v. *Turpin*, 43 id. 603; *People* v. *Beebe*, 1 Barb. 379; *Hobbs*

v. *Duff*, 23 Cal. 624; *Carpentier* v. *Brenham*, 40 id. 239.)
And was discharged when the debt and decree were satisfied
by the conveyance of December 19, 1878. (*Peabody* v.
*Phelps*, 9 Cal. 228; *Bryant* v. *Swain*, 6 P. C. L. J. 868;
*Dykers* v. *Allen*, 7 Hill, 497; *Wilson* v. *Little*, 2 N. Y. 443;
*Wade* v. *Howard*, 11 Pick. 289; C. C., § 2910.) The imme-
diate and direct effect of the conveyance of December 19,
1878, was to extinguish the mortgage lien of the grantee.
(*Carpentier* v. *Brenham*, 40 Cal. 236; *McMillan* v. *Richards*,
9 id. 411; *Nagle* v. *Macy*, id. 428; *Haffley* v. *Maier*, 13 id. 14;
*Johnson* v. *Sherman*, 15 id. 293; *Green* v. *Butler*, 26 id. 605;
C. C., §§ 2910, 2941; 2 Bl. 177; 1 Stephens' Com. 293; 4
Kent's Com. S. P. 99; 2 Crabb Real Prop., § 2447.) The di-
rect result was to "let in" the second mortgage. (*Lent* v.
*Shear*, 26 Cal. 365; *Dingman* v. *Randall*, 13 id. 513; *Lord*
v. *Morris*, 18 id. 485; *Hill* v. *Pixley*, 63 Barb., N. Y., 200;
*Webb* v. *Meloy*, 32 Wis. 319; *Carpentier* v. *Brenham*, 40
Cal. 236; *Alexander* v. *Greenwood*, 24 id. 512.)

The contract between the mortgagor and junior mortgagee
is that the latter shall take the amount of his claim from the
overplus after a foreclosure sale. (*Carpentier* v. *Brenham*, 40
Cal. 236.) But there was no foreclosure sale, and no judg-
ment to which plaintiff was a party; hence no proceeding
that bound plaintiff. (*Carpentier* v. *Brenham*, 40 id. 235;
*Alexander* v. *Greenwood*, 24 id. 512; *Montgomery* v. *Tutt*, 11
id. 315; *Goodenow* v. *Ewer*, 16 id. 461.)

Leonis had notice of the plaintiff's rights by the record of
her mortgage. (C. C., §§ 19, 20, 1213, 2332; *Ward* v. *Pack-
ard*, 18 Cal. 391; *Hassey* v. *Wilke*, 55 id. 525.) The failure of
Leonis to inform himself of the facts of which he had notice
in law is no defense against junior incumbrancers. (*Ward* v.
*Packard*, 18 Cal. 393, 394; *Call* v. *Hastings*, 3 id. 179;
C. C., §§ 1213, 2332.) The right of the junior mortgagee "to
be paid out of the excess is in effect the right to redeem"
(*Carpenter* v. *Branham*, 40 Cal. 236), and this right has
been lost to the plaintiff by a proceeding with which she
is wholly disconnected, through the decree of December 7,
1878, and the conveyance of December 19, 1878; for there
can be no redemption from a private sale. (C. C. P., § 700;
*Eldredge* v. *Wright*, 55 Cal. 531; *Montgomery* v. *Spect*, id.

352.) The failure to sell defeated the ascertainment of any terms of redemption, and rendered the same impossible under any rule. (C. C. P., § 702; *Simpson* v. *Castle,* 52 Cal. 644.)

*J. Brousseau,* for Respondent.

Did the conveyance from Gerkins to Leonis extinguish the debt? "An extinguishment of the debt will ordinarily take place where the mortgagee becomes also absolute owner of the equity of redemption. The rule, however, is not inflexible, and may be controlled by the express or implied intention of the parties; and where it is manifestly for the interest of the person in whom both the legal and equitable titles unite to keep the incumbrance alive, these courts of equity will imply an intention to keep it alive. (*Carpentier* v. *Brenham,* 40 Cal. 221; *Simpson* v. *Hall,* 47 Conn. 417; *Findlay* v. *Hosmer,* 2 id. 351; *James* v. *Morey,* 2 Cow. 246; S. C., 14 Am. Dec. 475; *Jackson* v. *DeWitt,* 6 Cow. 316; *Pelletreau* v. *Jackson,* 11 Wend. 110; *Wade* v. *Howard,* 6 Pick. 492; *Forbes* v. *Moffatt,* 18 Ves. 390; *Gardner* v. *Astor,* 3 Johns. Ch. 53; S. C., 8 Am. Dec. 465 ; 2 Story's Eq. Jur., § 1035 *b.*)

THORNTON, J.:

We find no error in the record in this cause. The transactions between Leonis and the common mortgagors of plaintiff's assignor and Leonis, did not extinguish the mortgage to the latter so that he could not use it as a protection to his rights against the subsequent mortgage to Rumpp, plaintiff's assignor. In other words, a Court of equity will regard it as still existing as a lien, and not having merged, so as to protect him against the subsequent mortgage of the assignor of plaintiff.

In law, a merger always takes place when a greater estate and a less coincide and meet in the same person in one and the same right, without any intermediate estate. The lesser estate is said to be annihilated or merged in the greater; but a Court of equity is not guided in this matter by the rules of law. It will sometimes hold a charge extinguished where it would continue to exist at law; and sometimes preserve it, when at law it would be merged. The question is one of intention, actual or presumed, of the person in whom the inter-

ests are united. (*Forbes* v. *Moffatt,* 18 Ves. 384; *Carpentier* v. *Brenham,* 40 Cal. 235; 1 Jones on Mort., c. 20, pt. 1, on "Merger and Subrogation," §§ 848–850, etc.)

The testimony shows that Leonis did not intend that his security should merge in the deed he took from the mortgagors, or that his lien should be extinguished. The plaintiff obtained all by the decree to which she was in equity entitled.

Judgment-and-order-affirmed.

SHARPSTEIN and MYRICK, JJ., concurred.