GEORGE O. CARPENTER AND OTHERS *v.* C. J. GLEA-
SON AND OTHERS.

[In Chancery.]

*Mortgage Owned by Several Parties. Tenants in Common,*
*Merger.*

The orator owned several notes and the defendant several, all signed by the same
party and secured by the same mortgage on premises encumbered by a prior
mortgage. The orator became the owner of the prior mortgage, and brought a
bill to foreclose this only, and obtained a decree, which was paid by the defend-
ant, who also purchased the equity of redemption for the benefit of all parties,
and with the intention of keeping the mortgage on foot. A bill having been
brought to foreclose the second mortgage; *Held,* (1) that the defendant could
set up the same subject-matter as a defence in this suit that he did in the first
one; (2) that the orators and the defendant are tenants in common, and the
former are not entitled to a decree; (3) that the purchase of the equity did not
operate to merge the mortgage.

BILL IN CHANCERY to foreclose a mortgage. Heard on
bill, answer, and testimony, March Term, 1855, Washington
County, POWERS, Chancellor. Decree for the orators.

In January, 1875, one Washburn sold the premises to one
Stevens and took a mortgage back. They were encumbered
by a prior mortgage. May 30, 1875, Washburn transferred
some of the second mortgage notes to the orators, and the
rest to the defendant. The orators afterwards purchased
the first mortgage, and brought a bill to foreclose the same
at the September Term of Washington County Court of
Chancery. In January, 1876, said Stevens conveyed by quit-
claim deed the premises to defendant Gleason, who, at the
next term of court, was made a party defendant. Defend-
ant Gleason filed an answer in that suit, and claimed, that,
as the orators owned the first mortgage and a part of the
second mortgage, the first mortgage ought not to be paid by
him alone, but that it should be apportioned among the

owners of the second mortgage notes in the proportion that they owned. The orators obtained a decree in that suit. The defendant's answer in that suit was, in part:

"And this defendant says that the first mortgage, now attempted to be foreclosed by the petitioners, is as this defendant understands an incumbrance upon said premises, which is necessary to be paid by the owners of the second mortgage, the petitioners being interested therein, as well as this defendant, and in the proportion that they own to that owned by this defendant. * * * * And this defendant insists that said petitioners should also be made parties defendant the same as this defendant is, and that if said petitioners will not agree.to a proportion to be paid by each of the said owners of the second mortgage that the honorable court will apportion the same."

This bill was brought to foreclose the second mortgage, and alleged that the orator owned the first three notes secured by that mortgage. The other facts are sufficiently stated in the opinion of the court.

*Pitkin & Huse,* for the defendants.

In the former suit the question decided was whether the orators, owning the first and a part of the second mortgage, could enforce the entire first mortgage in a foreclosure suit upon that mortgage only. In this suit the question is as to the effect of a redemption from the first mortgage by the other part owner of the second, when the orators came to claim under their part of the second mortgage. It is obvious that the questions are different.

If the defendant, when he redeemed the premises from foreclosure upon the first mortgage, had held part of the second mortgage only and had not taken the quit-claim of the equity of redemption, it is clear that by so redeeming he would have been subrogated to the place of a first mortgagee until the other part owners of the second mortgage should pay their share of what he paid to redeem. *Hubbard* v. *Ascutney Mill Dam Co.* 20 Vt. 402; *Wheeler* v. *Willard,* 44 Vt. 640; Sheld. Sub. ss. 169, 172, 173, 175.

Does the fact that the defendant took a quit-claim deed of the equity of redemption prevent such subrogation? That depends upon his intent and purpose in taking it; and as it affirmatively appears that he took it for the benefit of all the owners of second mortgage, he is so subrogated and the orators are not entitled to a decree. *Bullard* v. *Leach*, 27 Vt. 491; *Chandler* v. *Dyer*, 37 Vt. 345; *Wheeler* v. *Willard*, 44 Vt. 640; *Walker* v. *King*, 44 Vt. 601; *S. C.* 45 Vt. 525; *Wilson* v. *Burton*, 52 Vt. 395; *Devereaux & Meserve* v. *Fairbanks*, 52 Vt. 587; *Guernsey* v. *Kimball*, 55 Vt. 201.

*T. J. Deavitt* and *J. J. Deavitt*, for the orators.

It is insisted that the law issues raised. in this case were raised and determined in the former case between the same parties respecting the same subject-matter, and should be treated as a final settlement of such questions.

The defendant has no equitable ground against the orators. He occupies the place in this proceeding of one called in the books a volunteer or a meddler. *Downer* v. *Wilson*, 33 Vt. 1.

When Mr. Gleason purchased the equity of redemption of the mortgagors, taking the mortgagors' title and possession, his interest in the incumbrances became merged and extinguished as a part of the consideration as much so as it would had the mortgagor paid Mr. Gleason's interest off in cash. And Mr. Gleason took the estate charged with the payment of the incumbrances upon it. And when he elected to pay the decree and did pay it, it became extinguished the same as if the mortgagor had paid it. *Guernsey* v. *Kendall*, 55 Vt. 201, and cases there cited; *Gerrish* v. *Bragg*, 55 Vt. 337; 1 Jones Mort. ss. 736, 738, 740; 129 Mass. 182; *Sweetsir* v. *Jones*, 35 Vt. 317; *Wade* v. *Howard*, 6 Pick. 492; *Bank* v. *Cushing*, 53 Vt. 321, and cases cited; *Rugg* v. *Brainerd*, 57 Vt. 364; *Wills* v. *Tucker*, 57 Vt. 223.

The general rule is that merger always takes place when a greater estate and a less coincide, and meet in one and

the same person, in one and the same right, without any intermediate estate. In the case at bar there is no intermediate estate. 1 Jones Mort. 848.

"The purchase of the mortgagor's equity of redemption by the mortgagee is looked upon with suspicion by the courts."

The opinion of the court was delivered by

ROWELL, J. The case for the foreclosure of the first mortgage not being reported, we do not know the ground on which it was put; we only know that the answer therein was not regarded as a defence to that case. But that decree does not estop the defendant from setting up the same subject-matter as a defence to this case, which is for an entirely different cause of action.

At the time the defendant purchased the equity of redemption, the orators owned a part of the notes secured by the mortgage sought to be foreclosed, and the defendant owned the rest of them, and so they were tenants in common of the mortgage interest. The defendant did not intend that his purchase of the equity of redemption should operate to merge his mortgage interest, but on the contrary he purchased the equity with the intention and for the purpose of benefiting all parties interested in said mortgage, and tried to have the orators step in and take that benefit, but they would not. In these circumstances there can be no merger.

When a mortgagee holding the entire interest takes a conveyance of the land mortgaged, the question of merger depends in equity on his intention, actual or presumed. In the absence of an actual intention, it will be presumed to have been his intention to keep the mortgage on foot, if it appears from all the circumstances that that was for his interest. But when the intention against a merger is actual and expressed, as in this case, and the purpose is innocent and injurious to no one, that of itself, in most cases certainly, will control and prevent a merger, especially

when it is or may be inequitable that there should be one, as it might be in this case; for suppose the premises are not worth enough to pay this mortgage debt, then, if there is a merger of the defendant's mortgage interest, the orators might get their pay in full while the defendant would not.

Again, in order that the equity of redemption may drown the mortgage, the whole mortgage interest, that is, the whole legal estate, must meet the equity in the same person. *Clark* v. *Clark*, 56 N. H. 105. It follows then that the defendant's interest as mortgagee was kept from blending with his interest in the equity of redemption, both by reason of his intention that it should not blend and by the fact that a part of the mortgage was outstanding in the orators; and hence the orators are not entitled to a decree of foreclosure.

Decree reversed and cause remanded, with mandate that the bill be dismissed with costs.