SAMUEL HOWARD *vs.* JED P. CLARK, HENRY O. CLARK and
E. D. TEACHOUT.

May Term, 1899.

Present: ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed July 21, 1899.

*Master's Finding Conclusive.*—The master's finding as to what was
included in the mortgage description is conclusive.

*Merger.*—Although the mortgagee, in taking a deed of the equity of
redemption from the mortgagor, intended that the mortgage debt should
be extinguished, yet the legal and equitable estates will be held not to
have merged, inasmuch as the mortgagee was led by the mortgagor to
believe the premises free from incumbrance, and accepted the deed by
reason of the mistake into which he was thus led.

*Record Notice.*—The record of the subsequent mortgage was not construc-
tive notice to the prior mortgagee, and he was not guilty of negligence
in failing to search the record.

*Equality is Equity.*—But in granting this relief to the prior mortgagee,
the mortgagor must be restored so far as possible to his rights as
mortgagor and allowed to redeem.

*Subsequent Mortgagee not Injured.*—The subsequent mortgagee cannot
object to the orator being restored to his rights as senior mortgagee, for
he had both constructive and actual notice of the prior incumbrance
when he took his own.

CHANCERY. The case came on for hearing upon pleadings
and master's report, at the March term, 1899, Chittenden
county, before *Taft*, Chancellor, who rendered a *pro-forma*
decree dismissing the bill as to defendant Teachout with
costs and without prejudice, and for the orator against the
other defendants. The defendants Clark appealed.

This was a petition to set aside the mortgage of defendant
Jed P. Clark to Henry O. Clark and the quitclaim deed of
Jed P. to the orator, to foreclose the mortgage of Jed P. to
the orator, and to enjoin the defendant Teachout from
conveying the premises.

December 10, 1883, Jed P. Clark executed to the orator a mortgage of a farm in Milton of about 500 acres, called the Barnum farm, to secure $4,000. The premises were then free from encumbrance. February 14, 1885, said Clark executed a mortgage of the same premises, together with other real estate to secure the grantees therein from liability as his bondsmen. This mortgage was discharged by quit-claim deed of the bondsmen July 25, 1893. September 8, 1892, Jed P. Clark executed a mortgage to Henry O. Clark of certain lands in Milton, the description of which in the mortgage was more extensive than the limits of the Barnum farm, but included that farm. The condition of this mortgage was that Jed P. Clark should pay a note for $325 and all present and future indebtedness from the mortgagor to the mortgagee. This mortgage was given in good faith; the note for $325 was given for cash loaned at the time, and there was then due to the mortgagee an additional sum of $13,376.84, with some interest. The mortgage was duly recorded on the day of its date. This mortgage contained a covenant of warranty that the premises were free from all encumbrance, but the mortgagee at the time of its execution had knowledge that the debt of the mortgagor to the orator was past due and that the prior mortgage to secure this debt was in life and undischarged.

Subsequently to the date of the mortgage of Jed P. Clark to Henry O. Clark, namely, March 21, 1893, said Jed P. conveyed the Barnum farm to the orator by quitclaim deed under the following circumstances. The orator was about to foreclose when Jed P. proposed to quitclaim the farm in discharge of the debt. The orator asked for a warranty deed. Jed P. replied that he was unable to give that by reason of the existing prior mortgage to his bondsmen, which, however, he said would soon be cleared off. He made no reference to the mortgage to Henry O. Clark. The orator had no knowledge of this mortgage and did not

consult the record.   By common arrangement a conveyancer drew the deed, computed the amount due on the notes including interest, the precise and full amount of which was endorsed on the notes named in the deed as the consideration thereof.   The deed was delivered to the orator and the notes were left with the conveyancer to be delivered to Jed P. Clark whenever the mortgage to the bondsmen should be discharged, but although such mortgage was subsequently discharged the notes were not delivered up because they were not called for, and nothing further was done to discharge the mortgage of Jed P. to the orator. The master found that it was intended by the parties to pay and discharge the debt by the deed, but that the orator was led by said Jed P. to believe and did believe that the premises were free from encumbrance except the mortgage to the bondsmen, and he would not have abandoned his foreclosure proceedings and concluded the arrangement had he believed otherwise.   The orator entered into possession of the premises and contracted to sell them to Murray, who took possession under his contract but received no deed.   Murray sold his interest to Teachout.   Afterwards the orator sold and conveyed the premises to Teachout by warranty deed, being still ignorant of the mortgage to Henry O. Clark. Teachout went into possession, divided the farm into lots and developed the property for building purposes to accommodate the employes of a neighboring pulp mill in process of construction.   The purchase price of the premises from the orator to Teachout was $4,800.   The value of the land at the date of the deed to Howard was $4,000; at the date of the sale to Teachout $4,800; at the present time $8,000, exclusive of two cottages and one double house which Teachout has constructed on the premises; the increase in value being due to the prospect of the construction of the pulp mill.

*C. W. Witters* for the orator.

*Powell & Powell* for defendant Henry O. Clark.

WATSON, J. The orator's mortgage covers only the "Barnum Farm;" and the mortgage to the defendant Henry O. Clark covers land described in the deed as "all lands owned by said Jed P. Clark between Lamoille river and the highway running from the residence of C. D. Ladd to the foot of the hill at Milton Lower Falls, so called." The master has found that the description in the mortgage to Henry O. was much more extensive than the limits of the "Barnum Farm," but included it, and was so understood by the parties. This finding is conclusive, and the mortgage must be construed and considered accordingly.

The important question for consideration is the effect of the conveyance of the equity of redemption in the "Barnum Farm" by the mortgagor to the orator, under the facts and circumstances disclosed by the master's report. Was the effect to merge the legal and equitable estates? and if it was, is the orator entitled to relief in equity?

As a general rule the conveyance of the equity of redemption to a mortgagee will not constitute a merger of the legal and equitable estates, when from all the circumstances it is apparent that the best interests of the mortgagee require the two estates to be kept separate, unless it is found that such was the intention of the mortgagee. The intention of the mortgagee governs, and when his intention to merge the two estates is established, it controls. *Belknap* v. *Denison*, 61 Vt. 520; *Carpenter* v. *Gleason*, 58 Vt. 244; *Walker, Smith & Co.*, v. *Baxter*, 26 Vt. 710.

The master has found that it was intended by the orator and mortgagor to pay and discharge the orator's debt by the deed of the equity of redemption, and it is contended by the defendant, Henry O., that this, in effect, is a finding of an intention by the orator to merge the two estates, and that making the mortgage of Henry O. the first encumbrance

upon the property is but the legal effect or result of the orator's intentional act, from which a court of equity can grant no relief without annulling the very contract intentionally and understandingly entered into by the parties. *Proctor* v. *Thrall*, 22 Vt. 262. But this finding is to be considered in connection with the further findings that the orator had no knowledge of the mortgage to Henry O., and that the mortgagor then led the orator to believe, and he did believe, that the premises were free from encumbrance, except the mortgage to the bondsmen, and that he would not have abandoned his foreclosure proceedings and concluded the arrangement then made, had he believed otherwise. The record of Henry O.'s mortgage was not constructive notice to the orator, and no duty rested upon him to examine the records for subsequent encumbrances— *Johnson* v. *Valido Marble Co.*, 64 Vt. 337—and therefore he was not guilty of negligence in failing so to do. The mortgagor had full knowledge of the mortgage to Henry O., and that it covered the "Barnum Farm;" he had no equity of value in the farm, and he was personally holden to the orator for the payment of the debt secured by his mortgage; he was also personally holden to Henry O. for the payment of the debt secured by mortgage to him, which he knew amounted to several times the value of the farm; and he knew that to give the orator a deed of the equity of redemption, in payment and discharge of his debt, and thereby make Henry O.'s mortgage a first encumbrance upon the farm, was to pay and discharge the debt without any consideration of value moving to the orator therefor, and that he would thereby be relieved from personal liability thereon. Under those circumstances, for the mortgagor to lead the orator to believe the premises free from encumbrance, except the mortgage to the bondsmen, to induce him to accept the deed of the equity of redemption in payment and discharge of his debt, was to obtain

possession of the orator's notes as paid and discharged, by fraudulent means, and with this fraud thus established, the fact found as to the intention of the orator is rendered without force, and a court of equity will relieve the orator from the unconscionable position in which this fraud has placed him, by re-instating him in his rights under his notes and mortgage as they existed before the taking of the deed. 2 Jones on Mort., §§ 966, 967.

And because of the fraud practiced upon the orator when he took the deed, he was laboring under such a misapprehension of the material facts relative to the subject matter which entered into the transaction, as also to entitle him to relief in equity on the ground of mistake.   2 Jones on Mort., § 969.

But equality is equity, and in granting relief to the orator, the defendant Jed P. must, so far as possible, be restored to his rights as mortgagor with the privilege of redeeming the premises by paying the orator the sum found due in equity upon his mortgage with costs of suit, within such time as may be fixed by the court of chancery for that purpose.

Notwithstanding the fact that the mortgage to Henry O. contained a covenant of warranty that the premises were free from all encumbrance, he not only had constructive notice of the orator's mortgage, but he had knowledge in fact that the orator's debt was past due and unpaid and that the mortgage securing the same was in life and undischarged.   His mortgage when made, as to the "Barnum Farm," was only upon the equity of redemption, and such it is with the orator re-instated in his rights under his mortgage.   His position is in no wise changed, and he cannot object to the orator's being restored to his rights as senior mortgagee, when he himself suffers no injustice thereby.   1 Jones on Mort., § 967.

The equitable adjustment of the rights of the defendant Teachout may involve the consideration of matters not

now before the court, and, as to him, this case should be so disposed of as not to prejudice his rights in the premises.

> *Decree reversed and cause remanded with mandate that the orator's notes and mortgage be and are in full force, and the mortgage re-instated as senior encumbrance upon the "Barnum Farm," so called; that the quitclaim deed of the equity of redemption from the defendant, Jed P. Clark, to the orator, be and is null and void; that the bill be dismissed with costs and without prejudice as to the defendant Edgar D. Teachout; that the orator's mortgage be foreclosed as against the defendants Jed P. Clark and Henry O. Clark, with the right in the said Jed P. and Henry O. to redeem the premises therefrom within a time to be fixed by the court of chancery; and that the orator recover his costs of the said Jed P. Clark and Henry O. Clark.*