L. P. GLEASON *v.* GEORGE O. CARPENTER, ET AL.

May Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed August 21, 1902.

*Mortgage—Merger—Pleading—Demurrer—Laches.*

A bill in foreclosure proceedings which shows that certain persons were tenants in common of a second mortgage interest in certain

premises when one of them paid the first mortgage, and claims that the payor thereby became subrogated to all the rights of the first mortgagee, is not demurrable.

Equity will, when justice requires, treat a transaction as a purchase, rather than a payment of a decree of foreclosure, though the redemption certificate purports to be in full discharge of the decree.

The defense of laches cannot be interposed by demurrer.

APPEAL IN CHANCERY in foreclosure proceedings. Heard on defendant's demurrer to the bill at the March Term, 1902, Washington County, *Start,* Chancellor, presiding. Decree, *pro forma,* sustaining the demurrer and dismissing the bill. The orator appealed.

*Dillingham, Huse & Howland* for the orator.

*T. J. Deavitt* and *Edward H. Deavitt* for the defendants.

The payment of the first mortgage by C. J. Gleason, who was the owner of the equity of redemption, extinguished the mortgage, for he obtained title by a quit claim deed which was subject to the mortgage foreclosed as well as the second mortgage; and by taking such a conveyance, it became his duty to pay the mortgages; and by paying the first mortgage he has performed a part of his duty. *Guernsey* v. *Kendall,* 55 Vt. 201. This was decided in *Carpenter* v. *Gleason,* not reported, but referred to in *Carpenter* v. *Gleason,* 58 Vt. 244.

C. J. Gleason having acquired all the benefits accruing from the quit claim deed to himself, it is equitable that he should stand charged with the burdens incident to that interest.

"Where the purchaser from a mortgagor pays off the mortgage and has it discharged, without more, equity will not subrogate him to the rights of the mortgagee against an incumbrancer whose lien is subject to the mortgage, but prior to the purchase." Sheldon on Subrogation, s. 29. The allegation in the bill that C. J. Gleason became subrogated to all the rights and interests, etc., is simply a claim of law and is not

admitted by the demurrer. Subrogation is within the discretion of the Court of Chancery. *Bank* v. *Cushing,* 53 Vt. 321; *Viles* v. *Moulton,* 11 Vt. 470; *Converse* v. *Cook,* 8 Vt. 164.

The orator has been sleeping on his rights for fourteen years, and the defendants, who were second mortgagees, had reasonable ground for supposing that C. J. Gleason was applying the rents and profits of the premises to the cancellation of the mortgage indebtedness; for he was in possession of the premises, and there is no allegation or claim that these defendants were ever notified of the orator's pretended interest at any time before this suit was commenced. It is insisted that on the ground of negligence alone, the orator should be denied the relief which he seeks. *Torrey* v. *Deavitt,* 53 Vt. 331, 337.

These defendants also insist that a mortgage cannot be assigned and kept on foot by redemption certificates. The only way in which interest in land can be created or assigned is by instrument under seal, properly executed as the statute requires.

START, J. The orator, by his bill, shows that defendants Carpenter, Woodward and Morton were tenants in common with C. J. Gleason of a second mortgage interest in the premises at the time C. J. Gleason paid the first mortgage, and insists that C. J. Gleason thereby became subrogated to all the rights and interest of the first mortgagee in the premises. In view of the allegation and claim, the demurrer cannot be sustained on the ground that the bill shows a merger of the two estates. It was not necessary to set forth in the bill all the circumstances that attended the conveyance of the equity of redemption to C. J. Gleason and the payment of the first mortgage incumbrance by him. Sufficient is stated in the bill to raise an inference that C. J. Gleason intended to keep the two estates separate; and, until the contrary appears, this is suffi-

cient. When money due upon a mortgage is paid, it may operate to cancel the mortgage, or in the nature of an assignment of it, as may best serve the purposes of justice and the true interest of the parties. *Bullard* v. *Leach,* 27 Vt. 491. When a mortgagee holding the entire mortgage interest takes a conveyance of the land mortgaged, the question of merger depends, in equity, on his intention; and, in the absence of an expressed intention, it may be presumed that he intended to keep the mortgage on foot, if it appears, from all the circumstances, that it was for his interest to do so. *Carpenter* v. *Gleason,* 58 Vt. 244, 4 Atl. 706. In *Howard* v. *Clark,* 71 Vt. 424, 45 Atl. 1042, 76 Am. St. Rep. 782, it is said that, as a general rule, the conveyance of the equity of redemption to a mortgagee will not constitute a merger of the legal and equitable estates, when, from all the circumstances, it is apparent that the best interests of the mortgagee require the two estates to be kept separate, unless it is found that such was the intention of the mortgagee. The intention of the mortgagee governs, and when his intention to merge the two estates is established, it controls. The case of *Carpenter* v. *Gleason,* before cited, was a foreclosure suit by Carpenter, Woodward and Morton against C. J. Gleason to foreclose Gleason's equity of redemption in the premises in question in this suit, and it was held that the conveyance of the equity of redemption to Gleason did not operate to merge his interest in the second mortgage; and the bill was dismissed.

The defendant's objection that the bill cannot be maintained, because a mortgage cannot be assigned and kept on foot by a redemption certificate, is not sustained. The certificate may have purported to be in full discharge of the decree; yet, as we have seen, a court of equity will, even in such cases, keep the mortgage on foot, and treat the transaction as a purchase

rather than a payment of the decree, as may best subserve the purposes of justice. The rights acquired by C. J. Gleason under the first mortgage, by reason of his having paid the amount of the decree, could, for a valuable consideration, be transferred to the orator, notwithstanding he did not advance the money to redeem the premises. *Wheeler* v. *Willard*, 44 Vt. 640; *Spaulding* v. *Crane*, 46 Vt. 292.

The defendants insist that the orator has slept upon his rights and been negligent in asserting them. This defense cannot be interposed by demurrer. *Drake* v. *Wild*, 65 Vt. 611, 27 Atl. 427. The other questions argued by counsel for the defendants are not raised by the demurrer, and the consideration of them is deferred until they are properly before us.

*The pro forma decree is reversed, the demurrer overruled, bill adjudged sufficient, and cause remanded.*