## EYTHE v COMMERCIAL BK & SAV CO

Ohio Appeals, 6th Dist, Wood Co
No 489.' Decided Dec 29, 1930

Bloom & Rowl, Bowling Green, and W. H. Jones, Columbus, for Eythe.

Frank T. Bow, Canton, J. E. Kelly, Ray D. Avery, and N. R. Harrington, all of Bowling Green, for Bank.

LLOYD, J.

The evidence discloses that at the time of the execution of the above mentioned deed of conveyance the bank delivered to Mr. and Mrs. Hughes the notes secured by the mortgage and the intent unquestionably was to accept the conveyance of the real estate in satisfaction thereof and of the mortgage. The bank did not make the plaintiff a party to the action of foreclosure, and did not have actual knowledge of his judgment lien, but nevertheless, must be held to have had constructive notice thereof. The uncontradicted testimony of witnesses is that the value of the real estate is very much less than the amount of the mortgage indebtedness, and if this be true, then, after the payment of the mortgage claim to the bank, none of the proceeds of a sale thereof will remain to apply on the judgment lien of the plaintiff.

Our conclusion is that the relief prayed for by the defendants, The Commercial Bank & Savings Company and the Superintendent of Banks, should be granted and each of the parties hereto be restored to the status existing prior to the conveyance of the real estate to the bank and the releases of the mortgage executed by the bank. The decree of this court is that, upon compliance by plaintiff with the conditions hereinafter imposed, the parties hereto be restored to the status existing heretofore, and that the liens on the real estate be then foreclosed and the property sold according to law for the satisfaction thereof; that from the proceeds of sale there shall be paid:

First: Legal taxes and assessments which were a lien on the real estate at the time of the conveyance thereof to The Commercial Bank & Savings Company, together with any taxes or assessments thereon thereafter paid by said bank.

Second: Court costs.

Third: The mortgage indebtedness found due the bank less the net amount, if any, received by the bank by way of rentals or otherwise from said property.

Fourth: The judgment lien of plaintiff.

Fifth: The proceeds remaining, if any, to Mr. and Mrs. Hughes in the proportion to which they may be found entitled.

It is ordered that Lola M. Hughes and any others who have any interest in the real estate by way of lien or otherwise, be made parties defendant to this action and that the priorities of such liens, if any

there be, be determined, the foregoing order of application of the proceeds, of sale to conform to the finding of the court as to the priority of any liens against said real estate other than those above enumerated.

Since it is probable, as has been indicated, that the proceds of any sale of the real estate will be insufficient to satisfy the mortgage indebtedness, and equity does not require the doing of a vain thing, it is ordered that before any further proceedings are taken herein the plaintiff shall deposit as security for costs such sum of money as the court may deem adequate to pay all costs occasioned by the prosecution of such proceedings. If plaintiff elects to proceed as herein provided, and the proceeds of the sale of said real estate are insufficient to pay the amounts found to have priority over the judgment lien of the plaintiff, then plaintiff shall pay all of the costs occasioned thereby. The security for costs herein ordered shall be deposited by plaintiff, who is a non-resident of Wood County, with the clerk of courts within fifteen days after the entry of this decree and if not so deposited within said time, a decree may be then entered quieting the title of the defendant bank obtained by said deed of conveyance from Mr. and Mrs. Hughes, against the plaintiff and all other persons and parties claiming any interest in said real estate acquired subsequent to the execution and recordation of the mortgage given to said defendant bank by A. E. and Lola M. Hughes.

The court further orders that this cause be remanded to the Court of Common Pleas to carry this decree into effect.

WILLIAMS and RICHARDS, JJ, concur.