## PEOPLES STATE BANK v FIRST NATIONAL BANK et

Ohio Appeals, 6th Dist, Fulton Co
No. 109. Decided May 25, 1931

Paxson & Canfield, Wauseon, for Peoples State Bank.

G. A. Meekison, Theo. and Fred G. Behrens, Napoleon, and Theo. Doman, for First National Bank et.

**RICHARDS, J.**

The evidence discloses that the plaintiff, at the time it took the deed from the widow and heirs and surrendered the notes and cancelled the mortgages, had no actual knowledge of the existence of the mortgage given to the defendant bank, but the latter mortgage was on record and plaintiff is, of course, chargeable with constructive notice of its existence. We think the evidence shows that the value of the property conveyed to the plaintiff was and is substantially less than the amount of plaintiff's two mortgages, but the defendant bank has introduced evidence tending to show that the value is greater than the claim of plaintiff. In view of all the evidence, we can find no intent on the part of the plaintiff to merge the mortgages with the title to the real estate when it was to the manifest interest of the plaintiff to keep the mortgages alive.

> Bell v Tenny, et al, 29 Oh St, 240, 243;
> Case v Golner, et al, 33 Oh Ap 389.

Certainly the plaintiff should be required first to exhaust the land on which the defendant bank has no mortgage.

The indebtedness of William Burgess at the time of his death was a charge upon his real estate, the personal assets being exhausted.

The rights of the parties to this action must be determined on equitable principles. The defendant bank has an equitable right to foreclosure and to require that the real estate be sold and the sale should be in separate parcels, the land upon which it has no mortgage to be sold first and then the 141 acre tract. An accounting should be taken of the income received from the land during the time it has been held by the plaintiff, and it should be charged therewith, and also with the reasonable value to the farm of the barn which it tore down, and the bank should be credited with reasonable disbursements made on account of the land. If, on a sale of the property by the sheriff, it should be found that the proceeds are not sufficient to pay the taxes, costs and the amount of the mortgages due to the plaintiff and some amount to be applied next upon the mortgage held by the defendant bank, then the costs of the proceedings leading up to the sale and the costs of the sale and distribution should be taxed against the defendant bank. If, however, the sale should realize a sufficient amount so that there will be some of the proceeds left to be applied upon the claim of the defendant bank, the proceeds shall be paid as follows:

First: Taxes and legal assessments.

Second: Costs of court.

Third: The mortgage indebtedness on the two mortgages held by the plaintiff, and interest thereon, less the net amount, if any, received by the bank by way of rentals or otherwise from the property, and less also the damage, if any, resulting to the property by the destruction of the barn.

Fourth: Such part of the balance, if any, as would have gone to Clara Belle Prentiss, shall be paid to the defendant bank to the extent of its claim.

Fifth: In the event that there should be any surplus after these payments, the remainder shall be paid to the plaintiff bank.

The defendant bank is ordered, within ten days from the filing of the journal entry in this case, to file in court an election whether it desires to proceed and have the property sold at sheriff's sale or desires not to proceed. If it fail to file such election within the time named, or elects not to have the

property sold in foreclosure, then the title of the plaintiff bank shall be quieted to the premises conveyed to it.

This case in many of its aspects is similar to the case of Eythe v Commercial Bank & Savings Company, et al., decided by this court on December 29, 1930, and found in Volume 37, page 65, (9 **Abs** 660) of the unreported opinions of this court. In that case a similar order was made to the one in the case at bar.

It is further ordered that this cause be remanded to the Court of Common Pleas to carry this decree into effect.

LLOYD and WILLIAMS, JJ, concur.