**LUMBERMENS MORTGAGE CO v STEVENS et**

Ohio Appeals, 6th Dist, Ottawa Co

No 142.   Decided May 2, 1932

Duffey, Bryce & Duffey, Toledo, for plaintiff in error.

Graves & Duff, Port Clinton, and Stahl & Price, Toledo, for defendants in error.

RICHARDS, J.

The rights of the parties to this litigation do not seem difficult of ascertainment. The Lumbermens Mortgage Company had the second mortgage on the premises and as it was not made a party to the foreclosure proceedings its rights were not in any way affected thereby, being neither enlarged nor diminished. The National Bank of Port Clinton, which held the first mortgage and became the purchaser of the property at sheriff's sale, retained all its rights as mortgagee for the protection of its title and when it conveyed the property by warranty deed to Leon E. Stevens and Clifton A. Stevens, they became subrogated to its rights for the protection of their title. It is true that they had only paid $2,000.00 in cash and secured the remaining $4,000.00 of the purchase price by a mortgage on the premises, but they were entitled to the benefit of their bargain and if the real estate should be taken from them by a resale under the second mortgage they would

have a remedy against the bank on the covenants of warranty.

Under no circumstances is the second mortgagee entitled to any of the proceeds until the claim of the first mortgagee has been satisfied in full. There is no controversy between the purchaser and the bank, and all parties agree that the bank's $7,000.00 mortgage was the first lien. The bank and its grantees are represented by the same attorneys and make the same claim, and it is immaterial to The Lumbermens Mortgage Company whether on a resale the amount due under the first mortgage should be paid to the bank, or its grantees, or divided between them.

The case is of an equitable character. The trial judge finding that the real estate on resale would probably not bring more than enough to pay the taxes, costs of resale and the first lien, was justified in requiring the holder of the second mortgage to give security for such additional costs as would accrue by reason of the resale. The principles governing actions of this kind have been frequently enunciated as is shown by the following authorities:

Stewart v Johnson, 30 Oh St, 24;

Hollinger v Bates, 43 Oh St, 437;

Childs v Childs, 10 Oh St, 339;

Quinn Plumbing Co., Inc. v New Miami Shores Corp., 73 A. L. R., 600, and annotations.

In some of its aspects the case at bar is similar to Eythe v Commercial Bank & Savings Co., 40 Oh Ap, 150 (9 Abs 660) and Peoples State Bank v First National Bank, 40 Oh Ap, 374, (10 Abs 505).

Finding no prejudicial error, the judgment is affirmed.

LLOYD and WILLIAMS, JJ, concur.