## GIOVANNONI v CORRYVILLE BLDG & SAVINGS CO et

Ohio Common Pleas, Hamilton Co

Decided April 8, 1938

George Weller, Jr., Cincinnati, and Galvin & Tracy, Cincinnati, and R. G. Brunsman, Cincinnati, for plaintiff.

A. B. Roesler, Cincinnati, for The Corryville Building & Savings Co.

## OPINION

By ROUDEBUSH, J.

Plaintiff files suit against defendant The Corryville Building & Savings Company, asking that the liens on the property described in the petition be marshalled and the property sold; that a judgment for $580 be satisfied; petition alleges that said judgment was obtained in the Municipal Court September 29, 1934, and that on the 16th day of October, 1934, he filed a transcript of the record of said case with the clerk of the Common Pleas Court for lien and execution.

To this petition defendant, The Corryville Building & Savings Company, filed an answer and cross-petition setting forth that prior to January 17, 1934, said defendant held a mortgage on the property described in the petition from the then owner, Laura Backs, in the sum of $4,827.42, recorded in Mortgage Book 1545, page 22; that Mildred E. Knapp held a second mortgage on said property, recorded in Mortgage Book 1634, page 179, in the sum of $5,000; that said Laura Backs was in default on said mortgage to said defendant, The Corryville Building & Savings Company, and that when said defendant, The Corryville Building & Savings Company threatened to foreclose said mortgage, Laura Backs and her husband, William Backs, caused said Mil-

dred E. Knapp to cancel her said second mortgage on said property and gave to said defendant The Corryville Building & Savings Company a general warranty deed under date of January 17, 1935, which was recorded in Deed Book 1674, page 266; that on said date said mortgage from Laura Backs to the defendant, The Corryville Building & Savings Company was cancelled of record; that said defendant The Corryville Building & Savings Company had no actual notice of the judgment and execution set forth in the petition.

Said defendant The Corryville Building & Savings Company, in its cross-petition, prays that said cancellation of the mortgage from Laura Backs and William Backs be set aside; that said mortgage be fully reinstated, and that it be decreed to have the first and best lien upon said premises prior to the claim of the plaintiff's execution.

The evidence tends to establish the claims of said defendant The Corryville Building & Savings Company, and that the deed was taken in order to avoid expense of foreclosure, and that the value of the property on January 18, 1935, at the time of giving the deed, was less than the mortgage liens.

It is generally held that a deed by the mortgagor to the mortgagee will not operate as a merger of the mortgage in the ▆▆▆▆▆ fee in the absence of a showing of an intention to the contrary, where the mortgage is necessary to protect the mortgagee from intervening claims or liens of third persons. Such is clearly the law in **Ohio Bell v Tenny, 29 Oh St 240; Eythe v Commercial Bank & Savings Co., 40 Oh Ap 150 (9 Abs 660); Peoples State Bank of Wausseon v First Natinoal Bank of Napoleon, 40 Oh Ap 374 (10 Abs 505);** McCraney v Morris, S. C., 95 A.L.R. 622.

The last mentioned case contains the annotation of the authorities on this question.

The defendant The Corryville Building & Savings Company claims that it did not have actual knowledge of the plaintiff's judgment lien, but nevertheless it must be held to have had constructive notice thereof. Since the court's conclusion is that the relief prayed for by the ▆▆▆▆▆ defendant The Corryville Building & Savings Company should be granted and that the defendants The Corryville Building & Savings Company and Mildred E. Knapp, be restored to their status existing prior to the conveyance of the real estate to the defendant The Corryville Building & Savings Company, and the releases of the mortgages by the defendants, The Corryville Building & Savings Company and Mildred E. Knapp, the plaintiff's judgment lien is subsequent to the mortgages of said defendants.

The decree of the court is that the lien of the plaintiff may be foreclosed, and that the property be sold according to law for the satisfaction thereof, but since the rights of the parties to this action must be determined on equitable principles, if on a sale of the property by the sheriff it should be found that the proceeds are not sufficient to pay the taxes, costs and amount of the mortgages due defendants, The Corryville Building & Savings Company and Mildred E. Knapp, then the costs of the proceedings leading up to the sale, and the costs of the sale and distribution should be taxed against the plaintiff.

If, however, the sale should realize a sufficient amount so that there will be some of the proceeds left to be applied upon the claim of the plaintiff, the proceeds shall be paid as follows:

1. Legal taxes and assessments which were a lien on the real estate at the time of the conveyance of the property by Laura Backs et al to the defendant The Corryville Building & Savings Company, together with any taxes or assessments thereon thereafter paid by the defendant The Corryville Building & Savings Company.

2. Court costs.

3. The mortgage indebtedness found due the defendant The Corryville Building & Savings Company, less the net amount received by said company by way of rentals or otherwise from said property.

4. The mortgage indebtedness found due the defendant Mildred E. Knapp.

5. The judgment lien of the plaintiff.

6. In event that there should be any surplus after these payments, the remainder should be paid to Laura Backs.

The plaintiff is ordered within ten days from the filing of the journal entry in this case to file in court an election whether he desires to proceed and have the property sold at sheriff's sale, or desires not to proceed. If he fails to file such election within the time named, or elects not to have the property sold at sheriff's sale, then the title of the defendant The Corryville Building & Savings Company shall be quieted to the premises conveyed to it and described in the petition.