# CHARLES BELKNAP v. DUDLEY C. DENNISON.

*Merger, controlled by intention of grantee. Mortgage.*

1. Where a mortgagee takes to himself a conveyance of the mortgaged premises, it is a question of intention on his part whether a merger is thereby wrought. If his intention is expressed, that will control. If it is not expressed, then a court of equity will presume his intention to be according to his best interests.

2. The defendant took a second mortgage in 1878. In 1882 the petitioner, knowing of the defendant's mortgage, took an assignment of the first mortgage, and in 1885 bought in the fee. *Held*, no merger.

This was a petition to foreclose a mortgage, and was heard at the December Term, 1887, upon petition, answer, replication and proofs. Royce, Chancellor, decreed that the prayer of the petition be granted. Appeal by the defendant.

The defendant took a second mortgage on the premises in 1878. In 1882 the petitioner took an assignment of the first mortgage, and in 1885 bought and took a conveyance to himself of the fee. The remaining facts sufficiently appear in the opinion.

*Lamb & Tarbell*, for the petitioner, cited to the point that no merger was wrought. *Myers* v. *Brownell*, 1 D. Chip. 454; 4 Kent's Comm. 102–3; *Carpenter* v. *Gleason*, 58 Vt. 244; 2 Pom. Eq. Jur. ss. 788, 791, 792; *Walker et al.* v. *Baxter et al.*, 26 Vt. 714.

*J. D. Dennison*, for the defendant, cited 2 Jones Mort. s. 1082; 6 Pick. 492; *Downer* v. *Wilson*, 33 Vt. 1.

The opinion of the court was delivered by

TYLER, J. This case is heard upon the petition, answer, replication and proofs taken.

The defendant claims that upon the conveyance from the mortgagors of their equitable interest in the premises to the peti-

tionce, who is the assignee of the first mortgage, the petitioner's mortgage interest became merged in the equitable estate so conveyed to him.

It appears that at the time the petition was brought the mortgage notes were still held by the petitioner and unpaid, that his mortgage had not been discharged, that he paid no consideration whatever for the conveyance, and that it was taken by him for the sole purpose of extinguishing the mortgagor's right of redemption. The petitionee concedes that he holds the lands subject to a right in the defendant to redeem the same from the Brown mortgage, and that the defendant's rights are in no way affected by the conveyance in question.

The following rule is deduced in 2 Pom. Eq. Jur. s. 791, from numerous cases cited by him : " In short, when the legal ownership of the land and the absolute ownership of the encumbrance become vested in the same person, the intention governs the merger, in equity. If this intention has been expressed, it controls ; in the absence of such expression the intention will be presumed from what appears to be the best interests of the party as shown by all the circumstances. If his interests require the encumbrance to be kept alive, his intention to do so will be inferred and followed ; if, on the contrary, his best interests are not opposed to a merger, then a merger will take place according to his supposed intentions."

When a mortgagee takes a conveyance of land from the mortgagor or from a grantee of the mortgagor, if the transaction is fair, the presumption of an intention to keep the security alive is very strong. It is generally for the interests of the party in this position that the mortgage should not merge, but should be preserved to retain a priority over other encumbrances. As the mortgagee acquiring the land is not the debtor party, bound to pay off either the mortgage or other encumbrances on the land, there is nothing to prevent equity from carrying out his presumed intent, by decreeing against a merger. Pom. Eq. Jur. s. 793.

That the question of merger depends, in equity, on the intention of the mortgagee, expressed or presumed, was held by this court in *Carpenter* v. *Gleason,* 58 Vt. 244 ; *Walker* v. *Baxter,* 26 Vt. 715, and in other cases cited in Roberts' Digest, p. 458, tit. Merger.

In this case it is not left to be presumed that it was the intention of the mortgagee to keep the encumbrance alive, as being for his interest to do so, for such intention is clearly expressed.

*The decree of the Chancellor is therefore affirmed and the cause remanded.*