CASE v. GOLNAR et.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2050.   Decided July 2, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

953a.   PRIORITY—of Liens—475. Estoppel—997. Real Estate.

One who, having acquired title to premises by warranty deed from judgment debtor, conveys property to another and later takes assignment of mortgage on same property, not estopped to assert priority of mortgage over existing subsequent judgment lien.

Error to Common Pleas.

Judgment affirmed.

Zabel & Moss, Toledo, for Case.
Garrison & Phillips, Toledo, for Golnar et.

### FULL TEXT.

LLOYD, J.

On July 10, 1922, The Doro Realty Company, an Ohio corporation, by a duly executed warranty deed, conveyed the title in fee to certain real estate to one F. W. Bashore, who in turn, on July 11, 1922, by duly executed warranty deed, conveyed the same to Earl Schmedlin, one of the defendants in error herein. In each of these deeds it was covenanted that the title so conveyed is clear, free and unencumbered and that the grantor will warrant and defend the same against all claims whatsoever. Upon the execution and delivery to him of the foregoing deed therefor, and on the same day,—July 11, 1922,—Earl Schmedlin and Edna, his wife, executed and delivered to Bashore a mortgage on the premises in question securing a note for $4500.00. On November 2, 1922, the plaintiff in error, William A. Case, in an action then pending in the Court of Common Pleas of Lucas County, secured a judgment against the defendant in error, Earl Schmedlin and Charles Schmedlin for $686.00. Thereafter executions were issued on this judgment and returned unsatisfied. On April 16, 1923, Earl Schmedlin and his wife conveyed the real estate above referred to by warranty deed to Dorothy Golnar, one of the defendants in error, and on May 29, 1925, she and her husband conveyed the same by warranty deed to The Doro Realty Company. In each of these deeds also, it was covenanted that the title so conveyed is clear, free and unencumbered and that the grantors will warrant and defend the same against all claims. All of the deeds hereinbefore mentioned were recorded within a few days after the execution and delivery thereof. On July 1st, 1925, the mortgage deed executed and delivered by Earl and Edna Schmedlin to Bashore was assigned by the latter to the defendant in error, Dorothy Golnar. This assignment was recorded on July 8th.

Dorothy Golnar, as plaintiff, commenced an action in the Court of Common Pleas against Earl Schmedlin, The Doro Realty Company and William A. Case to foreclose the foregoing mortgage. Schmedlin and the realty company did not plead to the petition. William A. Case filed an answer thereto and a cross-petition. In his cross-petition he sets up his unpaid judgment against Earl and Charles Schemdlin, pleads the facts hereinbefore narrated and claims that the lien of his judgment is a first and prior lien upon the premises in question. The Court of Common Pleas found that the lien of the mortgage assigned to Dorothy Golnar was first in priority and that the judgment lien of Case was subject and subordinate thereto, and ordered that the real estate in question be sold as upon execution. The plaintiff in error, William A. Case, seeks a reversal of this judgment and decree, claiming that his judgment lien takes precedence over that of the mortgage in question for the reason that having acquired the fee simple title to the premises in question by warranty deed of the judgment debtor and having reconveyed the same by warranty deed to The Doro Realty Company before the assignment to her of the mortgage, Dorothy Golnar is estopped to deny the operative effect of these deeds according to their expressed intent and purpose.

Our opinion is that no estoppel arises in favor of the plaintiff in error. He was a stranger to the deeds conveying the real estate to Dorothy Golnar and by her to The Doro Realty Company and was in no way injuriously affected thereby. His judgment continued to be a second lien upon the property and the Court of Common Pleas so found in its decree. If Dorothy Golnar had not conveyed the premises to The Doro Realty Company and still had the title thereto conveyed to her by Earl Schmedlin and his wife on April 16th, 1923, the after-acquired mortgage would not be merged therein so as to give precedence to the judgment lien of plaintiff in error, and of course the conveyance of the premises by her to the realty company would have no such effect. The mortgage was prior in time and right to the lien of Case and it was therefore manifestly to the interest of the plaintiff that it should not be extinguished as against his judgment lien. Since it was to the interest of Mrs. Golnar that the mortgage lien should continue to subsist, and there was no evidence to the contrary, it will be presumed that such was her intention.

8 R. C. L., 1062;

10 R. C. L., 685;

Bell v. Tenny, 29 Ohio St., 240;

Webb v. Maloy, 32 Wis., 319.

39 L. R. A., N. S., note, page 837;

99 Am. St. Rep., note, pages 133, 168.

We see no inequity in so holding, and therefore affirm the judgment and decree of the Court of Common Pleas.

(Richards and Williams, JJ., concur.)