BEAL v. ALSCHULER.

1. MORTGAGES—MERGER—INTENT.
   Whether a conveyance of the equity to the mortgagee results in a merger of the mortgage and the fee is primarily one of intention of the mortgagee and when it is to his interest to keep the mortgage alive, there is no merger, unless the rights of the mortgagor or third persons are affected thereby.

2. SAME—MERGER—INTENT—EVIDENCE.
   Fact that first mortgagee upon receiving quitclaim deed from purchaser of mortgagor's interest then subject to first and second mortgages did not cancel or surrender his mortgage and note it secured nor discharge the mortgage is some evidence that he did not intend to merge the titles.

3. SAME—MERGER—PRIORITY.
   First mortgagee's acceptance of quitclaim deed without actual knowledge of existence of second mortgage and without canceling or surrendering his mortgage and note held, not to extinguish or subordinate first mortgage to second mortgage.

Appeal from Ingham; Carr (Leland W.), J. Submitted June 12, 1936. (Docket No. 44, Calendar No. 38,706.) Decided September 2, 1936.

Bill by John Beal against George Alschuler and wife to have a mortgage declared a first mortgage and to foreclose it. Cross-bill by defendants against plaintiff to have their mortgage declared a first mortgage and to foreclose it. From decree for plaintiff, defendants appeal. Affirmed.

*O. J. Hood,* for plaintiff.

*John McClellan,* for defendants.

SHARPE, J. May 29, 1926, plaintiff and wife loaned to W. H. Remez and wife $3,500 upon a promissory note secured by a real estate mortgage upon the property in question, said note being due and payable in five years with interest at the rate of seven per cent. payable semi-annually and recorded June 1, 1926.

June 12, 1926, Remez and wife sold the above property to Frances L. Warner subject to plaintiff's mortgage and on said date Warner gave to Remez a note in the sum of $500 secured by a mortgage on the above property. This mortgage was recorded June 16, 1926, and on the 15th day of January, 1934, Remez assigned his mortgage to defendants George Alschuler and wife, which assignment was recorded July 18, 1934.

On or about March 13, 1934, plaintiff, John Beal, called upon Warner and demanded further payments upon the note and mortgage. As a result of this conversation Warner gave plaintiff a quitclaim deed of the premises which was recorded March 14,

1934. Plaintiff filed his bill of complaint in the chancery court of Ingham county to foreclose his real estate mortgage and to have it declared to be a first mortgage and superior to defendants' mortgage. Defendants filed a cross-bill asking that their mortgage be declared to be a first mortgage and that it be foreclosed. The cause came on for trial and the court granted plaintiff the relief asked for. Defendants appeal and contend that there was a merger of the legal title and the equitable title in plaintiff, John Beal, the effect of which was to extinguish the mortgage given by Remez and wife to Beal.

The question of whether a conveyance of the equity to the mortgagee results in a merger of the mortgage and the fee is primarily one of the intention of the mortgagee, 41 C. J. p. 776, § 872, and when it is to the interest of the mortgagee and is his intention to keep the mortgage alive, there is no merger, unless the rights of the mortgagor or third persons are affected thereby. 19 R. C. L. p. 484, cited with approval in *Titus* v. *Cavalier,* 276 Mich. 117; *Anderson* v. *Thompson,* 225 Mich. 155.

"It has frequently been held that if there is no expression of intention on the part of the mortgagee at the time he acquires the fee, it must be presumed that he intended to do that which was most advantageous to himself, and if this is that the two estates should not merge, no merger will take place." 19 R. C. L. p. 484, § 276.

See, also, 46 A. L. R. 322.

In the instant case plaintiff had no actual knowledge of the existence of defendants' second mortgage; the fact that plaintiff did not cancel or surrender his mortgage and note and did not discharge

the mortgage is some evidence that he did not intend to merge the titles.

"Generally, where the release or satisfaction of a mortgage is the result of fraud, accident, or mistake, it will not inure to the benefit of a person acquiring an interest in the property, who did not rely or advance anything on the faith of such discharge." 41 C. J. p. 590.

"Where a conveyance of mortgaged premises is made to the mortgagee, in satisfaction of the mortgage debt, he taking the same in ignorance of a subsequent judgment lien thereon and canceling the mortgage of record, equity will not treat the conveyance as a merger of the mortgage lien in the absolute estate but will revive such lien as against a purchaser on execution sale." 2 Jones on Mortgages (8th Ed.), p. 550.

In the instant case, plaintiff accepted the quitclaim deed in ignorance of the existence of the second mortgage and while such acceptance may have released Mrs. Warner from her personal obligation to pay plaintiff's first mortgage, yet such act does not subordinate plaintiff's first mortgage to defendants' second mortgage.

The decree of the lower court is affirmed. Plaintiff may recover costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and TOY, JJ., concurred. POTTER, J., did not sit.