PONSTEIN v. Van DYK.

1. Mortgages—Merger of Estates—Intent.

   The intent of the mortgagee who becomes owner of the fee controls in determining whether there was a merger or not and, in the absence of any express agreement, if it is to the interest of mortgagee to keep mortgage alive, the law will not imply an intent to merge.

2. Same—Discharge—Quitclaim Deeds.

   If a quitclaim deed is given by mortgagor to mortgagee for some purpose other than discharging the mortgage, it will not have the effect of a discharge.

3. Same—Evidence of Intent Not to Discharge by Merger.

   Mortgage sought to be foreclosed *held*, not to have been discharged where mortgagees, upon obtaining quitclaim deed from mortgagors then in default, executed written agreement to reconvey upon curing of defaults in interest and taxes and permitted mortgagors to occupy the premises for a year, reconveyance was had and thereafter mortgagors paid a year's interest.

Appeal from Ottawa; Miles (Fred T.), J. Submitted October 13, 1937. (Docket No. 122, Calendar No. 39,692.) Decided December 14, 1937.

Bill by Henry Ponstein and wife against Jacob Van Dyk and wife to foreclose a mortgage. Decree for plaintiffs. Defendants appeal. Affirmed.

*Lokker & Den Herder,* for plaintiffs.

*John R. Dethmers,* for defendants.

Butzel, J. On July 3, 1922, defendants borrowed $3,500 from plaintiffs on a promissory note secured by real estate mortgage. On January 14, 1933, defendants were in default in payments of interest and taxes. Evidently to avoid the expense and trouble of foreclosure, defendants gave plaintiffs a quitclaim deed to the mortgaged premises; at the same time, plaintiffs agreed in a written contract that defendants might occupy the premises for one year until March 1, 1934; that if defendants were able to pay all of the unpaid taxes and accrued interest then due plaintiffs prior to March 1, 1934, plaintiffs would reconvey the property to defendants provided that defendants "will give them proper security for the same;" that plaintiffs would not sell the mortgaged premises during the year unless defendants agreed to the sale, and, in the latter event, all moneys received from the sale of the land, if sold, over and above what was due plaintiffs, should belong to the defendants. On February 27, 1934, plaintiffs reconveyed by quitclaim deed to defendants, the defaults evidently having been cured. Defendants paid plaintiffs a year's interest that matured subsequent to the reconveyance. Plaintiffs, claiming further defaults, filed a bill of complaint to foreclose the mortgage. Defendants contended in their answer that at the time they deeded the premises to plaintiffs, the former mortgagees, the mortgage was discharged by operation of law, because the fee ownership became vested in the mortgagees by merger; that when the plaintiffs later reconveyed to defendants, the mortgage no longer existed. All the papers were drawn in a very careless manner by a layman.

The testimony of defendant Jacob Van Dyk, called for cross-examination under the statute, shows be-

yond any question that when he made the payments entitling defendants to a reconveyance, he did not understand the transaction but thought that his payments were on the mortgage, and when asked whether the mortgage was paid by his giving the quitclaim deed, he stated that he did not understand, he did not "know about law." This testimony fails to show that defendants believed at the time of conveyance that the mortgage would be discharged. On the other hand, the scrivener testified that the agreement to reconvey did not contemplate that the mortgage and note should be cancelled, but that "proper security should be on the property." The testimony on behalf of plaintiffs shows beyond any question that there was no intention whatsoever on their part to discharge the mortgage security.

The judge pertinently called attention to the fact that the very condition that defendants would be obliged to pay up the back taxes on the property within a year in order to entitle them to a reconveyance negatived any intention that plaintiffs were to lose their interest in the property upon executing the quitclaim deed. Defendants' payment of a year's interest on the mortgage subsequent to the time when they now assert the mortgage had been discharged shows that they did not believe that there had been a merger.

The intent of the party controls in determining whether there was a merger or not and, in the absence of any express agreement, if it is to the interest of the mortgagee to keep the mortgage alive, the law will not imply an intent to merge. *Anderson v. Thompson,* 225 Mich. 155; *First National Bank of Utica v. Ramm,* 256 Mich. 573; *Beal v. Alschuler,* 277 Mich. 66. If a quitclaim deed was given for some purpose other than discharging the mortgage,

it will not have the effect of a discharge. *Mabie* v. *Hatinger*, 48 Mich. 341. There was no intent on the part of any of the parties that the mortgage should be discharged with the giving of the deed and reconveyance.

The decree of foreclosure is affirmed, with costs to plaintiffs.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.