419 P.2d 723

**Ann BOWMAN, Appellant,**

v.

**Pearl COOK, Appellee.**

**No. 7870.**

Supreme Court of Arizona.

In Banc.

Nov. 3, 1966.

Otto H. Linsenmeyer, Marshall W. Haislip, Phoenix, for appellant.

Beverly J. McConnell, Phoenix, for appellee.

STRUCKMEYER, Chief Justice.

This is an action by Pearl Cook, plaintiff below, to quiet title to Lots Nine and Ten, Ventura Manor, Maricopa County, Arizona. Defendant Ann Bowman, by amended answer, asserted a valid, unsatisfied mortgage against the property. On this issue, the trial court quieted title in the plaintiff.

The record discloses that plaintiff, prior to the filing of the action, was married to one Jerry Riley. They bought Lots Nine and Ten under a contract of purchase which provided that the lots would be held in joint tenancy. Plaintiff subsequently brought suit for divorce against her husband who, thereafter, mortgaged his interest in the property to defendant Ann Bowman. Approximately five months later, he quitclaimed the property to her. Two months later, Riley again quitclaimed the property —this time to A. B. Campbell and wife who, in turn, deeded to plaintiff. These latter two deeds were recorded on August 24, 1960. The quitclaim deed from Riley to defendant was not recorded until February 7, 1961.

It is the plaintiff's position that, by A.R.S. § 33–411, she has superior title because the deed, Riley to Bowman, was not recorded at the time she purchased from the Campbells. Section 33–411, A.R.S., provides:

> "No instrument affecting real property is valid against subsequent purchasers for a valuable consideration without notice, unless recorded as provided by law in the office of the county recorder of the county in which the property is located."

It is defendant's position that the recorded mortgage, Riley to Bowman, was not extinguished in a merger with the legal title by the acceptance and recording of the deed from Riley. On this issue, we think the trial court had before it sufficient evidence from which it could reasonably conclude that the mortgage was extinguished by merger with the legal title.

The law respecting mergers, in this state, is set forth in Hathaway v. Neal, 31 Ariz. 155, 251 P. 173:

> "It is, of course, the general rule of law that, where the holder of a mortgage acquires the equity of redemption in mortgaged premises, a merger of the two estates results, vesting the mortgagee with the complete title and putting an end to his rights or title under the mortgage. [Citation.] This, however, is not true when a merger would work injury or violate well-established principles of equity, or be contrary to the intentions of the parties, and, primarily, of the mortgagee, who purchases the equity of redemption, and the presumption is, *in the absence of proof to the contrary,* that the mortgagee intended what would best accord with his interests." 31 Ariz., at p.

159, 251 P., at p. 174. (Emphasis supplied.)

It is also the law that a mortgagee has an *election* in equity to prevent a merger and keep the mortgage alive and, of course, the contrary would be true. A mortgagee could elect to effect a merger. Kansas Seventh Day Adventist Conference Ass'n. v. Williams, 156 Kan. 555, 134 P.2d 626; Marshall v. Ebling, 70 Ohio App. 145, 45 N.E.2d 318; Biggs v. Southland Life Ins. Co. (Tex.Civ.App.), 150 S.W.2d 149.

In Marshall v. Ebling, supra, the Ohio court quoted this language with approval:

" 'If it is entirely a matter of indifference to him [mortgagee] whether the charge or encumbrance is kept alive or not, a merger follows, as no beneficial purpose is to be subserved by keeping the two estates apart and subsisting. He may however, elect to merge or sink the charge in the conveyance, or he may elect to keep and continue it separate and distinct from the estate upon which it rests. Where the intent to merge or not to merge, is, with knowledge of the facts, expressly or unequivocally fixed and declared by him, the question is settled by such determination.' "

45 N.E.2d 318, 323.

The proof here is sufficient for the trial judge to have concluded that the defendant-mortgagee elected to treat the delivery of the quitclaim deed from Riley to herself as a merger of the two estates and that this would be in best accord with her interest. On February 7, 1961, defendant, through her attorney, caused a letter to be sent to the occupant of the property advising the occupant that she, Ann Bowman, had recorded, as of that date, a quitclaim deed executed by Jerry Riley to her and directing that future rental payments be made payable to herself jointly with Pearl Riley and be sent to her in care of her attorney's office. After suit was brought, defendant caused an answer to be filed, under oath, in which she alleged that she had an interest in Lots Nine and Ten "by virtue of a quitclaim deed conveying to her said property for good and valuable consideration, the *interest* of one Jerry Riley, husband of the plaintiff." This was eight months later on the 6th day of November, 1961.

The trial court could resolve this question of intent in the light of the additional facts that the defendant did not appear and testify at the trial, and that there was no evidence produced from which it was possible to infer that defendant had a secret intention not to effect a merger. Moreover, the record is devoid of evidence that defendant ever sought to collect on the asserted debt or in any way to enforce the mortgage. It was not until the filing of defendant's amended answer on April 19, 1962, that defendant, contrary to her previous position, asserted an interest in the property by reason of the mortgage.

While the intention of a party on the question of merger may be expressly declared, it may also be established through the conduct of the parties. Jensen v. Burton, 117 Cal.App. 66, 3 P.2d 324; Kansas Seventh Day Adventist Conference Ass'n. v. Williams, 156 Kan. 555, 134 P.2d 626; Reid v. McMichael Holdings (N.J.), 56 A.2d 435.

In accordance with our often-pronounced rule that the judgment of the trial court will not be disturbed on a determination of fact where there is any reasonable evidence to support it, the judgment of the court below is affirmed.

Judgment affirmed.

BERNSTEIN, V. C. J., and UDALL, LOCKWOOD, McFARLAND, JJ., concur.