425 P.2d 737

Paul W. FOWLER and David L. Fowler,
doing business as Fowler Brothers,
Plaintiffs-Appellants,

v.

Clyde K. CARTER and Glen Staley,
Defendants-Appellees.

No. 8210.

Supreme Court of New Mexico.

March 27, 1967.

Hammel Carrell, Lovington, for appellants.

Donald D. Hallam, Hobbs, for appellees.

## OPINION

OMAN, Judge, Court of Appeals.

This suit was brought by plaintiffs to foreclose a judgment lien against real estate which belonged to defendant, Clyde K. Carter. Plaintiffs appeal from a judgment in favor of Carter. The named defendant, Glen Staley, is not concerned with this appeal, so the parties will be referred to herein as plaintiffs and defendant.

The facts are not in dispute, and, insofar as they are material to this appeal, are as follows:

1. By warranty deed dated February 3, 1954, and recorded February 23, 1954, the property was conveyed by Glen Staley and wife to Leo W. Haas and wife. By mortgage instrument dated and recorded on the same dates as the deed, Haas and wife granted a mortgage lien to Glen Staley to secure an indebtedness in the principal amount of $7,215.55.

2. By warranty deed dated April 22, 1963, and recorded April 25, 1963, the property was conveyed by Haas and wife to Alvin F. McCraw and Juandell McCraw, husband and wife, subject to the mortgage lien in favor of Staley, and also subject to a mortgage lien previously granted by Haas and wife to First National Bank of Hobbs to secure an indebtedness in the principal amount of $3,117.60. By mortgage instrument dated and recorded on the same dates as this deed, McCraw and wife granted a mortgage lien to Haas and wife to secure an indebtedness in the principal amount of $42,531.00.

3. By instrument dated April 27, 1963, and recorded October 17, 1963, Haas and wife assigned to defendant the mortgage and lien thereof given by McCraw and wife to secure said indebtedness in the amount of $42,531.00, and also the note evidencing this indebtedness.

4. On October 5, 1964, the plaintiffs recovered a money judgment in the total amount of $8,287.38 against A. F. [Alvin F.] McCraw and A. T. McCraw. On October 6, 1964, a transcript of this judgment was filed and recorded in the office of the county clerk pursuant to the provisions of §§ 21–9–6 and 21–9–7, N.M.S.A. 1953.

5. By warranty deed dated October 20, 1964, and recorded October 22, 1964, Alvin F. McCraw and wife conveyed the property to defendant, reciting, "Recovery of property—no warranty stamps required." By a separate instrument dated and recorded on the same dates as this deed, McCraw and wife, for a consideration of $1.00 and the cancellation and surrender of the note in the principal amount of $42,531.00, granted the property to defendant.

6. By release of mortgage dated March 17, 1965, and recorded March 19, 1965, the property was discharged from the lien of the mortgage granted to the First National Bank of Hobbs. It does not appear what amount, if any, was paid by defendant on the indebtedness secured by this mortgage lien.

7. By instrument dated June 23, 1965, and recorded July 2, 1965, Staley assigned to defendant the mortgage and the obligation secured thereby which had been given Staley by Haas and wife under date of February 3, 1954. At the time of this assignment to defendant, there was a balance owing on this obligation of $1,458.04.

8. Plaintiffs filed their complaint in this cause on February 3, 1965, whereby they sought, among other things, to have their judgment lien declared to be a first and prior lien on the property, subject only to the claim of Staley, if any.

9. The trial court found, and no attack is made on the finding, that as of October 5, 1964, the date plaintiffs recovered their judgment, and as of October 6, 1964, when the transcript of judgment was filed for record, the reasonable value of the property did not exceed $25,000.00. The parties stipulated as of March 1, 1966, that the property did not at that time exceed in value the amount of $25,000.00. There is no contention made that the property has at any time exceeded in value the sum of $25,000.00.

The trial court concluded that the judgment lien of plaintiffs is inferior to the mortgage and lien thereof given by McCraw and wife to Haas and wife, subsequently assigned to defendant, and given to secure the indebtedness in the principal amount of $42,531; is also inferior to the mortgage and lien thereof given by Haas

and wife to Staley to secure the indebtedness in the principal amount of $7,215.55, and on which indebtedness there was a balance owing of $1,458.04 as of the time of the assignment of this mortgage and lien thereof by Staley to defendant; and is also inferior to all other judgments and liens of record as of the date of the filing of the transcript of judgment on October 6, 1964. The trial court entered a judgment accordingly and dismissed the plaintiffs' complaint.

■ The plaintiffs assert two points upon which they rely for reversal. The questions presented by these points are whether or not the lien on the property created by the mortgage given to secure the indebtedness in the amount of $42,531.00, referred to in paragraph numbered 2 above, and which mortgage was assigned to defendant by the instrument referred to in paragraph numbered 3 above, was merged with the fee simple title subsequently acquired by defendant by virtue of the warranty deed referred to in paragraph numbered 5 above, or was discharged by the surrender of the note evidencing the indebtedness, as recited in the other instrument referred to in paragraph numbered 5, and that, thereupon, the judgment lien of plaintiffs became prior and superior to any interest the defendant may have acquired as such assignee, or mortgagee. Since he was the assignee of the mortgage, defendant occupied the position of mortgagee as of the

time of the conveyance to him of the fee simple title.

Although the precise questions presented appear never to have been decided by this court, such questions have been decided by the courts of many jurisdictions.

■■ The question of merger is said to be one of intention. The intention of the mortgagee is presumed to correspond with his interest, and it is generally held that a deed by mortgagor to the mortgagee will not operate as a merger of the mortgage in the fee, in the absence of a showing of intention to the contrary on the part of the mortgagee, if the mortgage is necessary to protect the mortgagee from intervening claims or liens of third persons. McCraney v. Morris, 170 S.C. 250, 170 S.E. 276, 95 A.L.R. 622; Toston v. Utah Mtg. Loan Corp., 115 F.2d 560 (9th Cir. 1940); Belknap v. Dennison, 61 Vt. 520, 17 A. 738; Annot., 148 A.L.R. 817 (1944). Compare Simson v. Bilderbeck, Inc., 76 N.M. 667, 417 P.2d 803 (1966).

■ The plaintiffs urge error on the part of the trial court in concluding a merger was not accomplished, because there is no pleading, proof, or finding of fact that defendant did not intend for his security interest and legal interest to merge. The difficulty with this position lies in the fact that mergers are not favored and the presumption supports the court's conclusion. McCraney v. Morris, supra; Holz-

meyer v. Van Doren, 172 Or. 176, 139 P.2d 778, 148 A.L.R. 808; Marshall v. Ebling, 70 Ohio App. 145, 45 N.E.2d 318; Beal v. Alschuler, 277 Mich. 66, 268 N.W. 813; the many cases cited in the A.L.R. annotations to which reference is above made; 9 Thompson, Real Property, § 4798 (1958).

There is no evidence of an expressed intention on the part of defendant, unless it can be said the words "Recovery of property—no warranty stamps required," express an intention. If any intention is to be assigned to these words, we are of the opinion that they tend to support an intention against a merger. No testimony was taken, and the parties relied upon the state of the public records and the stipulation as to the value of the property as above set forth.

Plaintiffs further contend that defendant released the mortgage lien by executing and delivering the second instrument to which reference is made in paragraph numbered 5 above. We doubt this instrument constitutes a release, but the note was surrendered. Even conceding, for the sake of the argument, that plaintiffs are correct, they still must fail. A release or discharge by the mortgagee of his lien, or the surrender of the evidence thereof to the mortgagor, in consideration for a conveyance by the mortgagor of his interests in the mortgaged property, does not operate as an extinguishment of the mortgage lien as against junior or intermediate encumbrances, and the mortgage lien retains its priority. McCraney v. Morris, supra; Holzmeyer v. Van Doren, supra; Annot., 95 A.L.R. 628, 643 (1935); Annot., 148 A.L.R. 816, 823 (1944).

Defendant has done nothing to prejudice the position of plaintiffs, and their rights have in no way been prejudiced. Had they at any time foreclosed their judgment lien they would have accomplished nothing, because the value of the property has not exceeded $25,000.00, which is far less than the amount of the mortgage indebtedness.

The fact that defendant, by examining the public records, could have learned of the existence of the plaintiffs' intervening judgment lien, before he accepted the conveyance of the mortgaged premises from the mortgagors and before he released his mortgage, if in fact it can be said he did so release his mortgage, did not work a merger, and did not cause defendant to lose his prior lien. McCraney v. Morris, supra; Holzmeyer v. Van Doren, supra; Pearce v. Buell, 22 Or. 29, 29 P. 78.

Finding no error, the judgment is affirmed. It is so ordered.

MOISE and CARMODY, JJ., concur.