429 P.2d 694

Victorine McFADDEN, formerly known as Victorine B. Hall, aka Victorine B. Seidel, Appellant,

v.

John L. WILDER and Catherine A. Wilder, his wife, Appellees.

No. I CA–CIV 116.

Court of Appeals of Arizona.

July 3, 1967.

Barry B. Cline, Prescott, for appellant.

Cavness, DeRose, Senner & Foster, by John W. Rood and Jack C. Cavness, Phoenix, for appellees.

DONOFRIO, Judge.

Appellant Victorine McFadden, defendant below (hereinafter called defendant) appeals from a judgment entered against her for specific performance for the sale and conveyance of certain real estate involved in an action brought by plaintiffs Wilder who are husband and wife.

Plaintiffs Wilder and the defendant had been close friends since the defendant worked as a waitress for the Wilders in 1957 at Seligman, Arizona. They had met before that in Las Vegas, Nevada.

Inasmuch as a narration of the facts would become quite involved and unnecessary, we set forth in chronological order the following pertinent facts:

The realty involved had been jointly owned by the defendant and her former husband, Hall. She acquired this property, consisting of one large house and one small house, through a settlement in a divorce action with Hall in 1952.

In 1959, following a divorce from another husband, Seidel, defendant anticipated litigation with her ex-stepmother-in-law Seidel and at that time executed a promissory note for $4800 to the plaintiffs and secured it by a mortgage on the real estate. There was no consideration paid, however there had accumulated some small personal loans from plaintiffs to defendant. The mortgage was recorded.

In 1960, for a prior debt owed to her ex-husband Hall, the defendant executed in his favor a note and mortgage for $4500 on the same realty. Later in 1960 defendant agreed to sell the property to plaintiffs for $7500, $2300 of which was to be paid by a trade outside of escrow and the balance was to be handled through escrow. The $2300 was to be considered paid when a satisfaction of the 1959 mortgage to plaintiffs was deposited in escrow.

The trade consisted of $300 which was owed by defendant to plaintiffs, $1000 in cash, and an automobile, all of which the defendant received. Plaintiffs have not filed a satisfaction of the 1959 mortgage with the escrow agent which, according to the terms of the agreement, was to be evidence that the $2300 was paid, nor have they paid the $1000 annual installments on the balance. Plaintiffs later paid defendant another $100, making the balance due $5100.

Prior to the escrow plaintiffs had been renting the large house from defendant, paying her $50 per month. After the escrow they continued to live in the large house but ceased paying rent. Plaintiffs also rented out the small house, retaining the rents. They spent $2500 on improvements to both houses.

In 1961 the escrow agent wrote defendant and the plaintiffs' attorney asking whether to proceed with the escrow or to cancel it. There was no answer from either party.

A complaint for foreclosure of the 1959 mortgage was thereafter filed by plaintiffs in 1962, naming defendant and her ex-husband Hall as defendants.

In 1963 the complaint was amended to ask for specific performance. That same year Hall filed a complaint against defendant and plaintiffs for foreclosure of his mortgage. The cases were consolidated for trial. At the end of plaintiffs' evidence, the Court directed a verdict for Hall on both counts. Judgment was given in favor of Hall on his complaint and a decree for foreclosure and sale was issued. The Court granted defendant's motion for dismissal of the foreclosure count of plaintiffs' complaint, but granted specific performance to the plaintiffs on the agreement to sell. This appeal by defendant from the judgment against her for specific performance followed.

The appeal raises questions which can better be stated by setting forth defendant's contentions which fall in four categories:

First, that the escrow instructions were not complied with and that breach should

relieve defendant. The satisfaction of the 1959 mortgage was not deposited;

Second, that the plaintiffs were guilty of laches. After the letter from the escrow agent to plaintiffs' attorney, plaintiffs did nothing to complete the escrow;

Third, that there was abandonment. In support, the defendant notes that plaintiffs' original complaint for foreclosure was not amended to include specific performance until it was obvious that foreclosure would fail; and

Fourth, that the trial court's order to convey free of the Hall mortgage was contrary to the evidence. Plaintiffs had either actual or constructive notice of the Hall mortgage. Plaintiffs were to assume that mortgage.

■ Ultimately all of these questions are concerned with whether the trial court acted properly in granting specific performance. In analyzing each of these four questions, we keep in mind the proposition that the granting of specific performance is a matter within the sound discretion of the trial court. Ensign v. Bohn, 1 Ariz.App. 386, 403 P.2d 321 (1965).

We deal with the fourth question first. Plaintiffs' Exhibit "3", a handwritten self-styled receipt by defendant for down payment on the two pieces of property, stated that the full price is $7500. No mention is made of any mortgage. The escrow instructions state a sales price of $7500. In the section of the instructions titled MORTGAGE OF RECORD the word "none" is written. These escrow instructions were signed by the defendant. Plaintiffs' testimony is that they did not know of the Hall mortgage until after it was listed on the preliminary title report received by plaintiffs' attorney.

■ This Court will view the evidence in the light most favorable to sustaining the judgment of the trier of fact. Linsenmeyer v. Flood, 1 Ariz.App. 502, 405 P.2d 293 (1965). We hold that there was sufficient evidence for the trial court to conclude that plaintiffs did not intend to assume the Hall mortgage and that there was an agreement to convey the property free of any mortgage.

The question involved in the first category raises the defendant's claim of a breach of the following portion of the escrow instructions:

"* * * The sum of $2,300.00 shown on the face of these instructions shall be considered paid when buyer herein deposits a Satisfaction of that certain Mortgage as executed by seller herein to buyer herein, said mortgage being dated October 5, 1959, recorded October 6, 1959 in Book 166 of Official Records, page 80–81, records of Yavapai County, Arizona."

The thrust of defendant's argument is that this provision of the escrow instructions is a condition precedent; that therefore plaintiffs were required to deposit the satisfaction of mortgage in escrow before November 20, 1960, as stated in the instructions; that plaintiffs then could have made a demand on the defendant, and if defendant had failed to deliver marketable title she would have committed a breach, but until that time plaintiffs had not performed sufficiently to entitle them to specific performance.

■ The duty to deliver marketable title is also a condition precedent. Sabin v. Rauch, 75 Ariz. 275, 255 P.2d 206 (1953). When each party to a transaction is subject to mutual conditions precedent, then these mutual conditions are concurrent conditions. 17 Am.Jur.2d, "Contracts" § 321; Restatement, Contracts § 351.

■ Before the November 20th closing date the plaintiffs' attorney received the preliminary title report showing the Hall mortgage and several other encumbrances and defects. The record shows an effort by the plaintiffs' attorney to remedy these defects, but in spite of defendant's assurances that something could be done, Hall refused to release his mortgage. The duty of the defendant to provide marketable title in the form of an acceptable owner's title

insurance policy was a concurrent condition with the duty of plaintiffs to provide the satisfaction of the 1959 mortgage. The duty to comply with one of the concurrent conditions would not arise until there was a tender of the performance of the other condition. Williston, Contracts, 3d Ed. § 666A. The defendant did not tender marketable title, so the duty of the plaintiffs to deposit the satisfaction did not arise. The defendant not having placed plaintiffs in breach, defendant is not excused from performance.

Plaintiffs have not breached, but we must decide whether their failure to perform their portion of the concurrent conditions will prevent the granting of their request for specific performance. To prevent specific performance the failure to perform a condition must be material. Restatement, Contracts § 275 Comment C, § 374.

The testimony of both parties indicated that some amount in excess of the $2300 had been received by the defendant, consisting of personal loans from the plaintiffs, a purchase of a car and insurance, and other advances by the plaintiffs to the defendant. The Wilders loaned Mrs. McFadden another $100 after the signing of the escrow instructions. The consideration from the plaintiffs called for by the escrow instructions had actually been paid and received. The sales agreement was nearly one-third performed. The deposit of the satisfaction of mortgage was merely evidence of receipt, as the instruction states. Failure to perform the perfunctory duty of depositing the satisfaction will not prevent specific performance where sufficient evidence was presented at trial to show that the consideration was actually received. The mere deposit of the satisfaction of mortgage could not be material since the 1959 mortgage would have merged in plaintiffs' title even if it had not been satisfied. The parties obviously did not intend that the mortgage continue beyond the sale.

Bowman v. Cook, 101 Ariz. 366, 419 P.2d 723 (1966). In any event, during trial plaintiffs' attorney did offer to make the deposit of the satisfaction.

Question two is on laches and is for the sound discretion of the trial court. Nichols v. Elkins, 2 Ariz.App. 272, 408 P.2d 34 (1965). Since defendant had not tendered marketable title and the matter appeared to be in the hands of attorneys, we cannot say that the trial court abused its discretion in not finding laches.

Finally, defendant claims that the plaintiffs abandoned the contract of sale. Abandonment requires an intention to abandon, together with an act or omission to act, which carries the intention into effect. City of Tucson v. Koerber, 82 Ariz. 347, 313 P.2d 411 (1957). We do not find an abuse of discretion in the trial court's failure to find abandonment.

Equitable conversion could be found to have taken place when the parties made their agreement. Plaintiffs, who had been tenants on the property to that point, made improvements, paid taxes, and no longer paid rent. The record shows a continuing correspondence by plaintiffs' attorney during the period prior to the complaint being filed March 29, 1962. A letter of July 12, 1961 was sent to Hall in an attempt to obtain satisfaction of the Hall mortgage. The intent to abandon was not shown.

The Superior Court did not err in granting specific performance.

Affirmed.

CAMERON, C. J., and WILLIAM W. NABOURS, Judge of Superior Court, concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge WILLIAM W. NABOURS was called to sit in his stead and participate in the determination of this decision.