**Edison LaMar DENNEY, Plaintiff and Appellant,**

v.

**GUARDIAN TITLE COMPANY of Utah, a Utah Corporation, Larry G. Hicks and Darlene Hicks, his wife, Robert B. Hicks and Tanna J. Hicks, his wife, Defendants and Respondents.**

No. 15367.

Supreme Court of Utah.

June 26, 1978.

Nolan J. Olsen, Midvale, for plaintiff and appellant.

M. Byron Fisher of Fabian & Clendenin, Paul M. Halliday of Halliday & Halliday, Salt Lake City, for defendants and respondents.

MAUGHAN, Justice:

Plaintiff appeals from an order granting defendants' motion for summary judgment. We reverse and remand for a determination as to two factual issues. Costs to plaintiff. All statutory references are to U.C.A.1953.

Plaintiff is a California resident who inherited certain property in Salt Lake County. Defendants Hicks desired to purchase the property to build apartments, and had a real estate agent present plaintiff with an

---

3. Restatement of Torts, Sec. 355.

Earnest Money Receipt and Offer to Purchase; when plaintiff was in Utah on December 29, 1976.

Plaintiff made a counter-offer, requiring closing by January 2, 1977, and returned to California. This deadline was not met, and the parties agreed to extend the date until February 17. Defendants deposited the purchase price in escrow with defendant Guardian Title Company (hereinafter Guardian) which was to handle the closing and send the check to plaintiff. On February 11, Guardian sent a warranty deed to plaintiff for his signature, and also a quit-claim deed for the signature of plaintiff's wife. By telephone, plaintiff informed Guardian he would not have his wife sign the quit-claim deed, based on the advice of his attorney in California.

On February 17, plaintiff signed and returned the warranty deed plus an unnotarized letter from his wife relinquishing any interest in the property. Accompanying these was a letter to Guardian which read:

> This escrow has gone beyond my tenday date of February 17th for closing. You are authorized to close this escrow only if the proceeds from the sale are delivered to me by 8:00 p. m. on Wednesday 23 Feb. 1977.

Receiving nothing on February 23, plaintiff wrote to Guardian the next day, terminating his offer and requesting a return of the warranty deed. Plaintiff heard nothing from the defendants until March 7, 1977, when he received a check in payment for the property, from Guardian. The deed had been recorded by Guardian Title on March 3, 1977. Upon discovering this, plaintiff returned the check and instituted this action for return of the property and for damages from Guardian Title. It is not disputed time was of the essence because of certain short-term investments in which plaintiff was interested.

Defendants Hicks based their motion for summary judgment upon the grounds they had fully performed their part of the transaction, and plaintiff's failure to tender marketable title property was the sole reason for the delay in closing. They assert that since plaintiff refused to provide marketable title, as required in the Earnest Money Receipt and Offer to Purchase, he cannot force defendants to default by holding them to the deadline which plaintiff imposed.

■ We agree with defendants that where both parties to a sale are under conditions precedent, as here, one may not fail to perform his obligation and by such failure cause the other party to breach the contract. While the parties cited no cases similar to this, we note an analogous case, *McFadden v. Wilder.*[1] There, the buyers were required to deposit in escrow a satisfaction of mortgage, and the seller was required to deliver marketable title. The seller could not deliver title clear of a mortgage, and the buyers did not deposit the satisfaction of mortgage. The Arizona court held that the conditions were concurrent, and that since the seller had failed to provide clear title, the buyers' obligation to deposit the satisfaction had not arisen, and the seller was therefore not excused from performance.

■ In the case at hand, however, two issues of fact present themselves which prevent summary judgment. The first is whether plaintiff's wife in fact has any interest in this property which would present a cloud upon the title. At the time of the dealings between these parties, 74-4-3, governed the rights of a wife to a one-third share in the value of his estates in real property.[2] This section does not apply if the wife, at the time of the conveyance, was not and never had been a resident of the State of Utah. If, therefore, plaintiff's wife had not been a resident of the state, then she had no interest in the property; and plaintiff actually presented good and marketable title. If this is the case, defendants have no right to the property, since they failed to meet plaintiff's time limit.

---

1. 6 Ariz.App. 60, 429 P.2d 694 (1967).

2. See 75-8-101(2)(d), Probate Code.

Assuming plaintiff's wife did have inchoate interest in the property under 74–4–3, the second issue of fact which must be determined is whether defendants waived their objections to the cloud on the title, and therefore cannot rely on plaintiff's failure to strictly comply with the condition precedent to deliver marketable title. The record indicates defendants wanted badly to purchase the property, and that they had even begun construction, at some point, on the apartments. The fact that defendants persuaded Guardian to record the deed in spite of the supposed defect in title illustrates defendants decided to abandon the attempts to obtain clear title, especially in light of the fact Guardian was willing to insure against the interest of plaintiff's wife.

Although the record is somewhat unclear, defendants apparently had notice of plaintiff's intent to not provide a quit-claim deed from his wife, for at least a week prior to plaintiff's final deadline. If defendants indeed abandoned the hope of receiving the quit-claim deed at that time, they cannot later rely on plaintiff's failure to provide it as the reason for their delay past the deadline for closing.

The case of *Davy v. Ogier*[3] illustrates this situation. In it, seller was to convey marketable title, but there existed an unrecorded lease of which both seller and buyer were aware. The buyer failed to pay for the property within the time limit and later sued for specific performance. The court held the buyer waived his objections to the existence of the lease because he was aware of it, and had indicated by his actions he was willing to make his own arrangements with the lessee.

In the case at bar, the facts relating to the above issues are not so clear and undisputed the trial court could properly, as a matter of law, enter judgment for defendants. The order must therefore be reversed.

ELLETT, C. J., and CROCKETT and WILKINS, JJ., concur.

HALL, J., does not participate herein.

[3.] 87 Cal.App.2d 835, 198 P.2d 92 (1948).